IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD OTTO HANSEN, | ) | |
| | ) | |
| Petitioner, | ) | 8:06cv518 |
| | ) | |
| vs. | ) | ORDER on INITIAL REVIEW |
| | ) | |
| H. R. RIOS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court for initial review of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition") filed by Richard Otto Hansen, currently a federal prisoner. Also before the court are filing no. 2, the petitioner's Application for Leave to Proceed In Forma Pauperis ("IFP"), and filing no. 4, his Motion for Appointment of Effective Counsel.

The petitioner challenges his conviction in the District Court of Nuckolls County, Nebraska, on or about November 19, 2003, for the offense of pandering, in violation of Neb. Rev. Stat. § 28-802(d).[1] The petitioner entered a plea of no contest to the charge of pandering, and he did not appeal the judgment of conviction. Therefore, on the face of the § 2254 petition, it appears that the petitioner's claims have not been exhausted in the state courts. In addition, the petitioner states that he has fully served his state sentence, the sentence has expired, and he is no longer in state custody for the challenged conviction.

The § 2254 petition appropriately identifies the petitioner's present custodian, the Warden of the federal facility where the petitioner is currently serving a federal sentence, as a respondent, and the petitioner has also named the Nebraska Attorney General as a co-respondent. Because the petitioner served his sentence for pandering in state custody,

---

[1] Neb. Rev. Stat. § 28-802 states:

(1) A person commits pandering if such person:
    (a) Entices another person to become a prostitute; or
    (b) Procures or harbors therein an inmate for a house of prostitution or for any place where prostitution is practiced or allowed; or
    (c) Inveigles, entices, persuades, encourages, or procures any person to come into or leave this state for the purpose of prostitution or debauchery; or
    (d) Receives or gives or agrees to receive or give any money or other thing of value for procuring or attempting to procure any person to become a prostitute or commit an act of prostitution or come into this state or leave this state for the purpose of prostitution or debauchery.
(2) Pandering is a Class IV felony.

1

only the Nebraska Attorney General will have to appear as a respondent in this action, answer or otherwise respond to the § 2254 petition, obtain the state-court records from Nuckolls County and file the records, as appropriate.

Rule 4 of the *Rules Governing Section 2254 proceedings in the United States District Courts*, as amended effective December 1, 2004, states:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.  If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.  In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

This case has been assigned to Senior District Judge Warren K. Urbom, but, pursuant to Rule 10 of the *2254 Rules*, a Magistrate Judge may conduct initial review. I find on initial review that the § 2254 petition need not be summarily dismissed.  However, when the Nebraska Attorney General answers or otherwise responds to the § 2254 petition, the Attorney General should analyze the issue of custody among any other matters he decides to discuss.

### Custody

To petition a federal court for habeas corpus relief from a state-court conviction, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  If a petitioner files a habeas action while incarcerated, his later release from custody while the petition is pending does not moot the petition within the meaning of Article III of the U.S. Constitution.  Spencer v. Kemna, 523 U.S. 1, 5 (1998).

On the other hand, a petitioner's who tries to challenge a conviction for the first time *after* the sentence for that judgment has wholly expired, i.e., after the sentence has been fully served, is generally not "in custody" under that conviction for purposes of  28 U.S.C. § 2254(a), and the conviction can no longer be challenged by a petition for writ of habeas corpus.  See Maleng v. Cook, 490 U.S. 488, 492 (1989) (*per curiam*) (petitioner whose sentence had expired was not in custody, precluding attack on expired sentence); Broomes v. Ashcroft, 358 F.3d 1251, 1254 (10th Cir. 2004) (petitioner in federal custody pending final INS removal was not "in custody" for state conviction for which he had already served the full sentence).  But see Garlotte v. Fordice, 515 U.S. 39, 45-46 (1995) (the custody requirement may be satisfied if the defendant is in custody on another conviction **and** if granting relief on the expired sentence could advance the anticipated release date for the

current sentence).

   IT IS THEREFORE ORDERED:

   1. That the Clerk of Court shall mail copies of the § 2254 petition to the Warden of FCI-Florence and to the Nebraska Attorney General by regular first-class mail;

   2. That by September 15, 2006, the Nebraska Attorney General shall file an Answer to the § 2254 petition on the merits of the claims and any affirmative defenses, in the manner contemplated by Rule 5 of the *Rules Governing Section 2254 proceedings in the United States District Courts*, as amended effective December 1, 2004, **or** the Nebraska Attorney General may, in his discretion, limit his response to affirmative defense(s) by filing a motion for summary judgment pursuant to Fed. R. Civ. P. 56(b);[2]

   3. That, whether the Nebraska Attorney General files an answer or a motion for summary judgment, he shall also file with the court and serve on the petitioner a pleading entitled Designation of Relevant State Court Records;

   4. That all records listed in the Designation of Relevant State Court Records shall be filed with the court at the time the Designation is filed;

   5. That if a motion for summary judgment is filed, copies of all records designated and filed in support of the motion shall also be served on the petitioner; and

   6. That, whether the Nebraska Attorney General files an answer or a motion for summary judgment, the petitioner may reply within 30 days thereafter.

   DATED this 7th day of August, 2006.

               BY THE COURT:


               s/ F. A. GOSSETT
               United States Magistrate Judge

---

  [2]The Nebraska Attorney General shall address the "in custody" requirement of 28 U.S.C. § 2254(a) in addition to any other subject he may wish to discuss.