IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD OTTO HANSEN, | ) | |
| | ) | |
| Petitioner, | ) | 8:06CV518 |
| | ) | |
| v. | ) | |
| | ) | |
| H. R. RIOS, et al., | ) | MEMORANDUM AND ORDER ON |
| | ) | DEFENDANT'S "OBJECTION TO INITIAL |
| Respondents. | ) | ORDER OF REVIEW" |
| | ) | |

On July 28, 2006, Richard Otto Hansen filed a petition for a writ of habeas corpus. (See filing 1.) See also 28 U.S.C. § 2254. Pursuant to Rules 4 and 10 of the Rules Governing Section 2254 Cases in the Unites States District Courts (hereinafter "§ 2254 Rules"), United States Magistrate Judge F. A. Gossett completed an initial review of the petition and ordered the Nebraska Attorney General (hereinafter "the respondent") to file an answer or a motion for summary judgment. (See filing 9.) Instead, however, the respondent filed an objection to the magistrate judge's order. (See filing 10.) For the following reasons, I shall sustain the respondent's objection and dismiss Hansen's petition.

Judges are required to conduct prompt "preliminary reviews" of habeas petitions. See § 2254 Rule 4. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Id. On the other hand, "If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Id. In this case, it plainly appears from the petition that Hansen is not entitled to relief under § 2254.

Section 2254 provides that "a district court shall entertain an application for a writ

1

of habeas corpus in behalf of <u>a person in custody pursuant to the judgment of a State court</u> only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). The Supreme Court's interpretation of the term "in custody" is broad. For example, the Court has held that the "custody" requirement is satisfied if the petitioner was incarcerated at the time of the filing of his petition, even if he has since been released. See <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998). The Court has also held that "a prisoner who had been placed on parole [is] still 'in custody' under his unexpired sentence." <u>Maleng v. Cook</u>, 490 U.S. 488, 491 (1989) (citing <u>Jones v. Cunningham</u>, 371 U.S. 236 (1963)). Furthermore, if a petitioner is serving consecutive sentences, those sentences will be "viewed in the aggregate" for the purposes of the § 2254 custody requirement. <u>Garlotte v. Fordice</u>, 515 U.S. 39, 46 (1995). In other words, a prisoner serving consecutive state sentences can challenge the conviction underlying the sentence "slated to run in the future," <u>id.</u> at 44 (citing <u>Payton v. Rowe</u>, 391 U.S. 54 (1968)), or he can challenge the conviction underlying a sentence that has already been completed, <u>id.</u> at 45-46, so long as he is still serving one of the sentences in the "continuous stream," <u>id.</u> at 41.

Despite the broad interpretation given to the words "in custody," the term is not wholly without meaning. If a petitioner's state sentence has fully expired, such that he suffers from no "present restraint from a conviction," he does not remain "in custody." <u>Maleng v. Cook</u>, 490 U.S. 488, 492 (1989).

In this case, the petitioner seeks to challenge a judgment of conviction entered by the District Court of Nuckolls County, Nebraska, on November 19, 2003. (<u>See</u> filing 1 at 1.) However, the petition alleges repeatedly that Hansen's "state sentence has been fully served, [and] he is no longer in the custody of the State of Nebraska." (<u>See</u> <u>id.</u> at 3-4, 6, 8, 11, 13.) Based on these allegations, it is plain that the petitioner is not entitled to relief under § 2254, and his petition must be dismissed.

The petition does allege that Hansen is currently serving a "consecutive federal

sentence" for violating a condition of supervised release, and that he is currently confined in the Florence Federal Correctional Institution in Florence, Colorado. (See filing 1 at 1, 15.) However, the fact that the petitioner is currently in <u>federal</u> custody does not provide this court with jurisdiction to address his § 2254 challenge to his "fully served" state sentence. See Charlton v. Morris, 53 F.3d 929 (8th Cir. 1995) (per curium); Miles v. Maschener, No. 98-2469, 1999 WL 88938 (8th Cir. 1999).[1]

The magistrate judge's order on initial review suggests that Hansen might be eligible for relief under § 2254 pursuant to Garlotte v. Fordice, 515 U.S. 39 (1995). (See filing 9 at 2-3.) However, Garlotte involved a "stream" of consecutive state sentences, whereas this case involves a fully-completed state sentence followed by a federal sentence. It seems to me, therefore, that Garlotte is distinguishable from the present case. Cf. Brown v. Warden, Springfield Medical Center for Federal Prisoners, 315 F.3d 1268, 1270 n.1 (10th Cir. 2003).

Since the petition shows that the petitioner is not "in custody pursuant to the judgment of a State court," I have no jurisdiction to consider the merits of the petition. The petition must therefore be dismissed.

**IT IS ORDERED** that:

1. The respondent's objection to the order on initial review, filing 10, is sustained;

2. The petition for a writ of habeas corpus pursuant to § 2254, filing 1, is dismissed; and

---

[1] If the petitioner's prior state conviction has been used to enhance his current federal sentence, it <u>might</u> be possible for him to raise a challenge against his state conviction–but such a challenge would have to be raised via 28 U.S.C. § 2255. See, e.g., Daniels v. United States, 532 U.S. 374 (2001); Charlton v. Morris, 53 F.3d 929-30 (8th Cir. 1995) (per curium). Since the petitioner filed a motion pursuant to § 2255 on the same day that he filed his § 2254 petition, see United States v. Hansen, No. 4:95cr3032 (D. Neb. filed July 28, 2006), and since his § 2255 motion includes a challenge to the November 19, 2003 state conviction, I see no reason to entertain the possibility that the § 2254 petition might be construed as if it were brought pursuant to § 2255.

3. A separate judgment will be entered in accordance with this memorandum and order.

Dated August 18, 2006.

> BY THE COURT
>
> s/ Warren K. Urbom
> United States Senior District Judge